UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John M. Hudson,

      Plaintiff,

v.                                          Civil No. 13-454 (JNE/AJB)
                                          ORDER

Ability Recovery Services, LLC,

      Defendant.

Asserting violations of the Fair Debt Collection Practices Act (FDCPA) and the

Telephone Consumer Protection Act (TCPA), John Hudson brought this action against Ability

Recovery Services, LLC.  After the entry of Ability Recovery Services' default, Hudson moved

for default judgment.  For the reasons set forth below, the Court grants Hudson's motion.

"Upon default, the factual allegations of a complaint (except those relating to the amount

of damages) are taken as true, but 'it remains for the court to consider whether the unchallenged

facts constitute a legitimate cause of action, since a party in default does not admit mere

conclusions of law.'"  *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A Charles

Alan Wright et al., *Federal Practice and Procedure* § 2688 (3d ed. 1998)); *see Marshall v.*

*Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) ("[W]hen a default judgment is entered, facts alleged

in the complaint may not be later contested.").  "[I]t is incumbent upon the district court to

ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final

judgment."  *Marshall*, 616 F.3d at 852-53.

Briefly summarized, the Complaint states that Hudson incurred a financial obligation

with a creditor; that the obligation was primarily for personal, family, or household purposes;

that the debt was sent to Ability Recovery Services for collection before December 2012; that

Ability Recovery Services left pre-recorded automated telephonic communications for Hudson

on several occasions from December 21, 2012, to February 22, 2013; that Ability Recovery Services did not disclose its identity; that Ability Recovery Services did not disclose that the communications were from a debt collector; and that Ability Recovery Services called Hudson's cellular telephone without his express consent. The unchallenged factual allegations of the Complaint state claims against Ability Recovery Services under the FDCPA, *see* 15 U.S.C. §§ 1692d(6), 1692e(11) (2006), and the TCPA, *see* 47 U.S.C. § 227(b)(1)(A)(iii) (2006).

Hudson seeks statutory damages under the FDCPA of $1,000. *See* 15 U.S.C. § 1692k(a)(2)(A) (2006). Factors relevant to the determination of the amount awarded under § 1692k(a) include "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *Id.* § 1692k(b)(1). On six occasions over the course of approximately two months, Ability Recovery Services intentionally violated the FDCPA in its communications with Hudson by failing to disclose its identity and failing the disclose that the communications were from a debt collector. The Court awards Hudson $1,000 in damages under the FDCPA.

Hudson also seeks an award of attorney fees and costs under the FDCPA. *See id.* § 1692k(a)(3). The Court's review of the record reveals that Hudson's request for costs in the amount of $400 and attorney fees in the amount of $3,330 is reasonable. The Court awards Hudson $3,730 for attorney fees and costs.

Finally, Hudson seeks an award of $1,500 for each of the six telephone calls that Ability Recovery Services made in violation of the TCPA. *See* 47 U.S.C. § 227(b)(3) (authorizing "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater" and providing that "the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount

available under subparagraph (B) of this paragraph" for willful or knowing violations); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012) (holding that "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA"). On six occasions over the course of approximately two months, Ability Recovery Services knowingly and willfully violated the TCPA. The Court awards $9,000 under the TCPA.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.  Hudson's Motion for Default Judgment [Docket No. 9] is GRANTED.

2.  Judgment in the amount of $13,730 is awarded in favor of Hudson and against Ability Recovery Services.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 14, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge